UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al*,

        Defendants.

Case No.  C06-5696RBL-KLS

ORDER DENYING NON-PARTY MOTION TO JOIN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

       This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on the filing of a motion and declaration by two non-parties to this matter to join this action under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23. (Dkt. #10).   After reviewing the motion and the balance of the record, the Court finds and orders as follows:

       On February 6, 2007, Maudo Fofana and Abdoulaye Diallo, both of whom appear to be detainees at the federal Northwest Detention Center, located in Tacoma, Washington, filed the above motion.  They seek to join this action, claiming, without specifically describing how, their constitutional rights have been violated in the same manner as described by plaintiff in his complaint.  First, neither Mr. Fofana nor Mr. Diallo are parties to this matter.  Therefore, they lacked standing to appear, let alone file motions seeking court action, in this matter.

       Second, Mr. Fofana and Mr. Diallo have utterly failed to meet the requirements for seeking class

certification, which include the following:

**(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

**(1)** the prosecution of separate actions by or against individual members of the class would create a risk of

**(A)** inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

**(B)** adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

**(2)** the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

**(3)** the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. 23. Thus, even if Mr. Fofana and Mr. Diallo did have standing to bring this motion, no effort on their part has been made to make the above required showing.

Accordingly, the motion to join this action under Fed. R. Civ. P. 23 (Dkt. #10) hereby is DENIED. In addition, plaintiff is warned that should further effort in the future be made to seek to have this matter certified as a class action, he, as the only party plaintiff in this matter, shall file any such motion, and shall make a proper showing pursuant to Fed. R. Civ. P. 23.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 14th day of February, 2007.

Karen L. Strombom
United States Magistrate Judge