UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOLIN ANDREW MARKS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA *et al.*,<br><br>Defendants. | Case No. C06-5696RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**October 19, 2007** |

This Civil Rights/<u>Bivens</u> action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff also seeks damages against the United States of America under the Federal Torts Claims Act, FTCA.  Plaintiff has been given leave to proceed *in forma pauperis* (Dkt. # 7).

Plaintiff alleges violations of his right to free exercise of religion under the Religious Freedom Restoration Act, RFRA and under the First and Fifth amendment to the United States Constitution. The federal defendants who move for dismissal are the United States of America, and Michael Melendez (Dkt. # 24, page 1).  Defendants also request the court issue a permanent injunction

REPORT AND RECOMMENDATION- 1

1 prohibiting plaintiff from filing any future actions (Dkt. # 24, page 2).

2 Defendants argue the United States of America has not waived sovereign immunity, and that all claims against Mr. Melendez in his official capacity must be dismissed. The court has considered the motion, the response, and the reply. The court recommends the United States of America be dismissed as a defendant from this action, that all claims against Mr. Melendez in his official capacity be dismissed, and that Mr. Melendez be dismissed from this action as it does not appear he is sued in his individual capacity. At this time the court declines to recommend the court issue an injunction regarding future filings. The court warns the plaintiff that repetitive filings or malicious litigation will not be tolerated.

## BACKGROUND INFORMATION

Plaintiff is currently being held pending the outcome of deportation proceedings. In this complaint plaintiff asserts his right to practice his religion has been burdened by unfair treatment and conditions at the North West Detention Center. Plaintiff alleges he is a Nazarite Jew (Dkt. # 8, page 10). Specifically he claims he must be allowed to eat alone in his room, that his bible was taken from him, that he has not been allowed to see a Rabbi or Imam, that the defendants have violated the First Amendment by supporting and creating opportunities for Christians, that defendants do not comply with the dietary requirements of Ramadan, that plaintiff cannot purchase oils, prayer beads, or holy books, that defendants have written false reports about him and that the defendants have caused him mental anguish by not recognizing his name change (Dkt. # 8).

Plaintiff has named the following parties as defendants:

1. The United States of America.
2. "(Michael Melendez of ICE)."
3. G. Wigen.
4. Charles Mc Burney.
5. Bill Mc Hatton, Compliance Officer.
6. Doe Portillo.
7. Doe Housden

(Dkt. # 8, page 1).

## DISCUSSION

A.   Jurisdiction

REPORT AND RECOMMENDATION- 2

1.  The United States of America.

The United States of America has not waived sovereign immunity in Civil Rights Actions or Bivens actions. See Generally, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In contrast, The United States of America is the only proper defendant in a claim brought under the Federal Tort Claims Act, FTCA. See, 28 U.S.C. § 2679 (b)(1). The FTCA specifically provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant first exhausts his administrative remedies. See, 28 U.S.C. § 2675(a). The administrative claim requirement mandates that a plaintiff present a claim to the appropriate federal agency within two years of the date it accrues. Staple v. United States, 740 F.2d 766, 768 (9th Cir. 1984). To the extent that Plaintiff seeks to pursue claims under the FTCA, he must present a proper administrative claim to the appropriate agency. Plaintiffs has not shown that he presented a valid claim to any Federal agency. Therefore, Plaintiff's FTCA claims must be dismissed, without prejudice, for lack of subject matter jurisdiction.

Plaintiff argues he exhausted his administrative remedies and fulfilled the requirements of 28 U.S.C. § 2675(a), by making demands for payment of a sum certain under the FTCA in the grievances he filed while incarcerated at the North West Detention Center (Dkt. # 27, page 14). Defendants reply and state;

> Here, Plaintiff argues that he exhausted his administrative claim by filing detainee grievances at the Northwest Detention Center ("NWDC"). A detainee grievance submitted to an officer at the NWDC does not satisfy the administrative claim requirement of the FTCA. Plaintiff argues that he indicated on the grievance that he was exhausting his administrative remedies pursuant to the FTCA. But Plaintiff's own statement cannot simply replace the strict jurisdictional requirements of the FTCA. The exhaustion of a prison's administrative remedies through a grievance procedure is not enough to satisfy the exhaustion requirements under the FTCA. Watts v. U.S., 2002 WL 31427395 *1 (C.A.D.C. 2002); see also Gaughan v. Bureau of Prisons, 2003 WL 1626674 *2 (N.D. Ill., 2003) (comparing the different purposes of prison grievance procedures with the administrative exhaustion requirements of the FTCA).
>
> Plaintiff's attempt to use detainee grievances forms at the NWDC to avoid the strict jurisdictional requirements of the FTCA is not only improper, but is disingenuous. Even the exhibits Plaintiff submitted in connection with his opposition papers show that Plaintiff knows the proper procedure to submit a claim under the FTCA. Exhibits 4 and 6 show that Plaintiff has properly submitted a tort claim, on the Standard Form 95, to the Department of Homeland Security - the appropriate agency

REPORT AND RECOMMENDATION- 3

(Dkt. #27, Ex. 4, 6). Neither of these claims contain the subject matter of this current suit or are dated March 3, 2006, as Plaintiff alleges in the Complaint. Thus, to the extent Plaintiff's Complaint properly alleged a claim under the FTCA, it should be dismissed for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies.

(Dkt. # 28, pages 4 and 5).

Defendants position is well taken. The filing of a grievance at an institution is not the same as making an official tort claim demand, addressed to the proper agency. All Tort Claims in this action must be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Further, the United States of America is not a proper party to this action and must be dismissed.

2.      <u>Michael Melendez</u>.

In the caption to the case plaintiff refers to Mr. Melendez as "(Michael Melendez of ICE)." The court construes the caption as indicating that Mr. Melendez is sued as an official of ICE, and not in his personal capacity. A suit a government official in his official capacity is a suit against the government itself. As noted above the United States of America has not waived sovereign immunity. In his official capacity Mr. Melendez is entitled to dismissal from this action.

Having reached this conclusion, the court does not address the remaining arguments on the merits as no defendant who moved for dismissal remains.

B.      Injunctive relief.

This court has inherent power to regulate the extent to which abusive litigants can access the courts. <u>DeLong v Hennessey</u>, 912 F. 2d 1144, 1147 (9th Cir. 1990) <u>Cert denied</u>, 498 U.S. 1001 (1990). Generally the court should attempt to balance the litigants right of meaningful access against the courts need to be free of abusive tactics. <u>James Cello-Whitney v. Robert Hoover</u>, 769 F. Supp 1155, 1158 (W. D. Wash 1991); citing <u>Franklin v. Murphy</u>, 745 F.2d. 1221, 1228 (9th Cir. 1984).

The standard for orders of this nature was first set forth in <u>DeLong</u>. <u>DeLong v Hennessey</u>, 912 F. 2d 1144, 1147 (9th Cir. 1990) <u>Cert denied</u>, 498 U.S. 1001 (1990). An order of this nature must:

(1)     Give the litigant adequate notice to oppose the order before entry;

(2)     Present an adequate record for review by listing the case filings which support the order

(3)     Include substantive findings as to the frivolous or vexatious nature of the litigants filings;

REPORT AND RECOMMENDATION- 4

1     and

2     (4)   Be narrowly tailored to remedy only the plaintiff's particular abuses.

3 James Cello-Whitney v. Robert Hoover, 769 F Supp. 1155, 1158 (W.D. Wash. 1991).

By defendants count, in two years Mr. Marks, AKA Vincent Daniel Hopper, has filed 15 actions. The court counts the number as 16. While the number is large, the court does not yet believe a bar order is necessary. The number of filings alone is not determinative of the issue, but it is a consideration.

In considering the entering of a bar order the court must weigh the litigants right to access to courts against the courts need to be free of abusive tactics. Repetitive filings or filings designed to harass clearly indicate court action is needed. While there is arguably overlap in plaintiff's filings, the court cannot say plaintiff is filing truly repetitive cases, with one exception. Antolin Andrew Marks v. United States of America *et al.*, 07-CV-5395RBL is truly repetitive of earlier filings. The caption of that case is descriptive of the filing. Mr. Marks titled his proposed 73 page complaint in that case "Everything and the Kitchen Sink Bivens complaint." Mr. Marks attempted to raise several issues that had previously been litigated and lost. As a matter of law such conduct is malicious. A complaint is malicious when it duplicates allegations of another pending federal lawsuit. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). In that case the court has recommended *in forma pauperis* status be denied.

The only other **clear** instance of malicious action is Mr. Marks recent improper filings that have been sealed. An order sealing all filings from Mr. Marks until they have been reviewed by the court is in place. Sanctions must be narrowly tailored to remedy only the plaintiff's particular abuses. James Cello-Whitney v. Robert Hoover, 769 F Supp. 1155, 1158 (W.D. Wash. 1991).

It may be that Mr. Marks will continue with improper litigation practices. If he does, the court will consider additional sanctions. Those sanctions may culminate in a bar order. At the current time the sanctions in place have not been in effect long enough for the court to consider if they are an adequate deterrent to Mr. Marks conduct. A motion barring all future filings is not warranted at this time. The court therefore recommends the motion for a permanent injunction barring future filings be **DENIED**.

REPORT AND RECOMMENDATION- 5

1       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 19, 2007**, as noted in the caption.

      DATED this 18 September, 2007.


                          */S/ J. Kelley Arnold*
                          J. Kelley Arnold
                          United States Magistrate Judge

REPORT AND RECOMMENDATION- 6