UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

v.

UNITED STATES OF AMERICA *et al.*,

    Defendants.

Case No. C06-5696BHS

ORDER TO REMOVE
A MOTION FROM THE
COURT'S CALENDAR

    This <u>Bivens</u> action was referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

    On January 8, 2008 Mr. Marks filed a motion to remove certain sanctions he litigates under (Dkt. # 69). The motion was noted for January 25, 2008. On January 11, 2008 the parties stipulated to settlement of this action (Dkt # 67 and 68). As the action has been settled the motion was not ruled on. The motion is still appearing on the courts calendar. **Document 69 is now UNSEALED.**

    The court addressed plaintiff's motion on the merits in <u>Marks v Gephardt</u>, 07-CV-5259RJB/JKA the court denied the motion and stated:

    The final motion which can be ruled on by a Magistrate Judge is plaintiff's motion to remove the sanctions in this case (Dkt # 50). In August of 2007, plaintiff sent pleadings to the court, which, by his own admission, contained "security details" from the facility where he is housed. Plaintiff sent this document in hand written form and as a sealed filing. Several days later, plaintiff presented the same information in typed form to the defendants, allegedly for copying. Plaintiff avers he took these actions to prove his pleadings were being read by the defendants. Plaintiff was immediately segregated. Plaintiff contends "the Plaintiff did seek to make a point to the Court and to the Defendants. The point was well made but not well taken" (Dkt # 50, page 2). Plaintiff is wrong in assuming he has proven

ORDER
Page - 1

his pleadings were improperly being read. Nothing in the United States Constitution prevents prison officials, or in this case detention officials, from scanning outgoing mail, even legal mail. Allowing prison officials to scan outgoing mail helps insure the mail is actually entitled to the privileged status the plaintiff claims. Further, scanning of outgoing mail helps prevent a detainee or prisoner from sending out mail that contains plans to escape or plans to conduct other illegal activity.

Even a cursory glance at Plaintiff's August filings shows the documents are not proper legal filings. The documents are a threat to the security of the facility and are not entitled to any Constitutional protection.

The court's reaction has been to seal the documents in question, (a lesser sanction then dismissal of actions or a permanent bar order). Further, to insure plaintiff does not again submit any improper pleading, the court considers each filing under seal and then either enters an order that the document remains sealed or that the document be unsealed.

Plaintiff argues that the court indicating he submitted "improper filings" is something much worse that what actually occurred (Dkt. # 50, page 2). Plaintiff's filings tell a different story. The documents filed warrant the ongoing sanction. Plaintiff's motion is **DENIED.**

(Marks v Gephardt, 07-5259RJB/JKA Dkt. # 51).

The court will not consider plaintiff's motion in this or any other case as the motion has been ruled on in 07-CV-5159RJB/JKA. Further, the filing of the same identical motion in multiple cases serves no valid purpose and is one of the hallmarks of vexatious litigation. Plaintiff is cautioned to discontinue this practice.

The clerk's office is directed to send copies of this order to plaintiff and counsel and to remove Dkt. # 69 from the court's calendar.

Dated this 9 day of April, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge